## CIRCUIT COURT OF BALTIMORE CITY.

Filed January 24, 1917.

LEONORA AKERS DAWSON, TRUSTEE UNDER THE WILL OF LOUISA ANN AKERS,

VS.

MARGARET E. AKERS, ET AL.

*Floyd J. Kintner* for the plaintiff.

*John Henry Skeen* for defendant Margaret E. Akers.

*Allan Cleveland* for defendant Harry B. Akers.

STUMP, J. (Orally)—

It appears that in 1894 Louisa Ann Akers executed her last will and testament, she being the mother of Harry B. Akers, a party to this controversy. The testatrix died in 1895.

At the time of the execution of the will it appears that her son, Harry B. Akers, was married and had two children, that it was within her knowledge that he was of intemperate habits, and it goes without saying that she was interested not only in his welfare, but in the protection of his wife and children.

Now, as viewed from the standpoint that she, the testatrix, then occupied, and upon a consideration of the whole will, as well as the clause therein involving Harry B. Akers, the court is of the opinion that the testatrix intended to and did create under that will a spendthrift trust.

It seems that within three or four years after the death of the testatrix Harry B. Akers, the son, made what purported to be an assignment of the larger portion of what he took under his mother's will to his wife. A few days after the date of the execution of that assignment there appears to be what is in form an assignment of the remaining portion of what he was to take under his mother's will for the benefit of his wife. The execution of that assignment by Harry B. Akers the court, in this connection, does not think is material.

The testatrix appointed her only daughter and the only sister of Harry B. Akers as trustee. From the time of her mother's death in 1895 down in fact to the present time, it is conceded—it appears from the evidence, although the exact amounts do not appear, they being not necessary at this time—that she had friendly and most intimate relations with her brother, that she paid over from the time of her mother's death up to the time of his assignment a few years afterwards, at stated periods the income from his share of the estate which had been left in trust, and subsequent to the assignment, or assignments, she did the same thing with the wife.

The court does not feel that Harry B. Akers at this time, under all the circumstances of this case, upon the evidence that has been admitted, is justified, in any manner justified, or entitled in a court of equity to attempt to make his only sister, under all the relationship that existed between them, after she has spent years in dealing with him without any compensation, merely in a sisterly manner, render an account, nor should she be harassed after all the years that have elapsed since the beginning of this transaction.

I think that if there is anybody that the court can imagine as entitled to the protection of the court, it is a woman who has an intemperate brother, and yet, upon his own sayso has kept upon good terms with him, and against whom he makes no charge, and who has said that during the last six years he has been able to take care of himself, during which time he has not instituted any proceeding, nor given any evidence of any serious claim against her, has never said anything more than he did not know that he got it all, that he had told her that he thought he ought to get more, but never said that she had withheld anything from him—what he does say might very well have been interpreted to mean that he did not think she was as successful with the management of the property as she might otherwise have been—and for that reason I think that the trustee, if she continues to be trustee, should account from this day only with Harry B. Akers, that the income from the estate should be paid into his hands and into the hands of no other, and that any accounting should be from the present time.

That construction leaves his wife and children, with whom he is not living, without that income, but, as they are merely separated, he being the husband and father, is responsible for the maintenance of his wife and morally responsible for his children, they being of age. However, that is a question I will not now pass on for, as far as the court knows, they might have ample income to take care of themselves.